IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD FRINK,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No.  04-026 GMS
                                        )
RAPHAEL WILLIAMS,                       )
GEORGE HAWTHORNE,                       )
PERRY PHELPS, CPT LEE, and              )
MEDICAL HEALTH SERVICES                 )
ADMINISTRATOR,                          )
                                        )
                Defendants.             )

**FILED**

SEP 2 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM

## I.    INTRODUCTION

On January 13, 2004, Richard Frink ("Frink") filed this *pro se* civil rights action, pursuant

to 42 U.S.C. §1983, against Raphael Williams ("Williams"), in his capacity as warden of Howard

R. Young Correctional Institute ("HRYCI"), George Hawthorne ("Hawthorne"), in his capacity as

deputy warden, Perry Phelps ("Phelps"), in his capacity as deputy warden, Cpt. Bradley Lee ("Lee"),

and Correctional Medical Services ("CMS"), improperly designated as Medical Health Services

Administrator.[1,2] In his complaint, Frink alleges that he was provided inadequate medical care when

he was administratively segregated from the general prison population, resulting in his right ankle

---

[1] As of the date that Frink filed the present action, he was incarcerated at the Delaware
County Prison, George W. Hill Correctional Facility, in Thornton, Pennsylvania. However,
several Orders issued by the court were returned as undeliverable, with notations indicating that
Frink was discharged on April 28, 2005. Presently, the court does not have a forwarding address
for Frink.

[2] The alleged violations of Frink's civil rights occurred at the State of Delaware
Department of Correction ("DOC"), HRYCI, where Frink was formerly incarcerated.

becoming stiff and causing him pain.  Frink is seeking both punitive and compensatory damages from the defendants.

Presently before the court is CMS' motion to dismiss.  CMS had moved to dismiss under two theories: (1) pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies; and (2) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the following reasons, the court will grant the motion under both theories.

## II.   BACKGROUND

On April 19, 2001, Frink began serving a sentence at HRYCI.  Frink alleges that one week after he was incarcerated he was transferred from the general prison population, without explanation, and administratively segregated for a period of nine months.  (D.I. 2, at 3.)  According to Frink, the administrative segregation deprived him of his right to visitation, recreation, use of phone and other communications, hygiene, and medical attention.  (*Id.*)  Frink alleges that, as a result of this segregation, he was provided with inadequate medical care, which caused his right ankle to become stiff and generate pain, both physical and psychological.  (*Id.*)  He further alleges that the medical staff at the institution failed to provide him proper treatment, and that the treatment provided was not equivalent to that given other detainees.  (*Id.*)  Frink alleges that he filed grievances regarding his medical treatment through the prison's standard internal grievance procedure.  (*Id.* at 2.)  Additionally, he alleges that he spoke with and wrote to a number of correction officials and medical staff.  (*Id.*)

## III.   STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.

*See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993).   Thus, the court must accept the factual allegations of the complaint as true.   *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).   In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer."   *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."   *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."   *Conley*, 355 U.S. at 45-46.

## IV.   DISCUSSION

CMS now seeks to dismiss Frink's claims on the basis that Frink has failed to exhaust his administrative remedies.   The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

The Third Circuit Court of Appeals has held that the term "prison conditions" applies to "the environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein."   *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000); *see also* 18 U.S.C. § 3626(g) (defining "prison conditions" as ". . . the effects of actions by government officials

3

on the lives of persons confined in prison . . . ."). In the present case, Frink's allegations concerning CMS' failure to provide him with adequate medical treatment go to the nature of services provided in his environment. Therefore, Frink must first exhaust all the administrative remedies available to him before he may properly bring this suit.

In his complaint, Frink acknowledges that there is a prisoner grievance procedure in place at the DOC and, more specifically, HRYCI. (D.I. 2 ¶ II.B.) The policy behind the Delaware Department of Corrections Inmate Grievance Procedure ("IGP") is to ensure that "[e]very inmate will be provided a timely, effective means of having issues brought to the attention of those who can offer administrative remedies before court petitions can be filed." (D.I. 32, Ex. B ¶ II.) In order to be consistent with this policy, the IGP provides a three-step process for medical grievances. First, medical grievances are submitted to the Inmate Grievance Chairperson. The Chairperson forwards it to the medical staff for review and informal resolution with the inmate. If the grievance is not resolved, a Medical Grievance Committee hearing results. If the grievance is still not resolved, the inmate may appeal to the Bureau Chief of Prisons for a final decision. (*See id.* at 3-7.)

Frink states that he "filed a number of complaints extending from [his] medical injuries." (D.I. 2 ¶ II.C.) Additionally, Frink concedes his grievances had not been addressed as of the time he filed his complaint in the present action. (*See id.*) Thus, according to Frink's complaint, his grievances concerning CMS were filed, but never heard. Taking Frink's allegations as true, then, it is clear that Frink has not pursued his administrative remedies to a final decision, nor does he allege that he has done so. At best, Frink has only met the first step of the IGP by filing a grievance. Therefore, the court concludes that Frink failed to exhaust his administrative remedies prior to filing his section 1983 action.

4

Even assuming that Frink had exhausted his administrative remedies, however, the court would still grant CMS' motion to dismiss for the following reasons. To the extent that Frink's complaint attempts to hold CMS liable for the acts of its employees, his claims would fail as a matter of law because they are premised on the doctrine of *respondeat superior*. *See, e.g.*, *Bagwell v. Brewington-Carr*, No. Civ. A. 97-714-GMS, 2000 WL 1239960, at * 7 (D. Del. Aug. 25, 2000). It is well established that absent some sort of involvement in the allegedly unconstitutional conduct, a section 1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994); *Gay v. Pestock*, 917 F.2d 768 (3d Cir. 1990).

Frink may be able to recover against CMS, however, if he can show that it has a "policy" or "custom" that demonstrates deliberate indifference to his serious medical needs. *See Monell v. Dep't of Social Servs. of New York*, 436, U.S. 658, 690-91(1978). A "policy" is established when a "'decisionmaker possess[ing] final authority to establish [a] policy with respect to the action' issues an official proclamation, policy or edict." *Jackson v. First Correctional Medical Servs.*, Civ. No. 03-1031-SLR, 2005 U.S. Dist. LEXIS 15848, at *11 (D. Del. Aug. 4, 2005) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). A "custom" is a course of conduct that, "though not authorized by law . . . [is] 'so permanent and well settled' as to virtually constitute law." *Andrews*, 895 F.2d at 1480. In order to recover, the plaintiff must "show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." *Id.*

In the present case, Frink has not alleged that there is a policy or custom that resulted in CMS' deliberate indifference to his medical needs, as he complains about his medical treatment only in the context of his allegations regarding segregation. Additionally, absent from his complaint is any allegation that CMS, as policymaker, was responsible for any type of policy or custom of

5

deliberate indifference.  Accordingly, the court concludes that Frink has not shown that CMS has

a policy or custom that demonstrates deliberate indifference to his serious medical needs.

Dated: September __26__ , 2005

_____
UNITED STATES DISTRICT JUDGE

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD FRINK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  04-026 GMS |
| | ) | |
| RAPHAEL WILLIAMS, | ) | |
| GEORGE HAWTHORNE, | ) | |
| PERRY PHELPS, CPT LEE, and | ) | |
| MEDICAL HEALTH SERVICES | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    CMS' Motion to Dismiss (D.I. 31) is GRANTED.

2.    The plaintiff's claims against CMS shall be dismissed with prejudice.

Dated: September **26** , 2005

UNITED STATES DISTRICT JUDGE

FILED

SEP 2 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE